

IT IS SO ORDERED.
Signed June 24, 2015

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ANDREW CURTIS WRIGHT,<br>        Debtor. | Case No. 14-51560-ASW<br>Chapter 7 |
| JOSEPH PADGETT,<br>        Plaintiff,<br>v.<br>ANDREW CURTIS WRIGHT,<br>        Defendant. | Adv. Pro. No. 14-05073-ASW |

**MEMORANDUM DECISION RE: MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S ATTORNEY'S FEES**

On March 31, 2015, this Court issued a Tentative Decision granting Plaintiff's Motion for Summary Judgment. Plaintiff is represented by attorney Hugo Torbet, and Defendant is pro se.

A hearing was held on April 24, 2015, and the Court took the matter under submission. The Court has carefully considered the arguments of the parties, and makes the Tentative Decision final. At the hearing, Mr. Wright argued that the District Court verdict

did not support a finding of willful and malicious conduct. However, the Court finds that these arguments are addressed sufficiently by the analysis at pages 6-9 of the Tentative Decision.

In the Tentative Decision, the Court deferred ruling on Mr. Torbet's fees until final time records were provided. Mr. Torbet has provided those records, which the Court has now reviewed.

As noted in the Tentative Decision, this Court may award fees incurred in prosecuting a nondischargeability claim under § 523(a)(6) if Plaintiff could recover attorney's fees in a non-bankruptcy court. In re Bertola, 317 B.R. 95, 99-100 (9th Cir. BAP 2004). Under 42 U.S.C. § 1988(b), the court may allow a prevailing party in a 42 U.S.C. § 1983 action a reasonable attorney's fee in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, including fees incurred in certain post-judgment proceedings, Stewart v. Gates, 987 F.2d 1450, 1452-53 (9th Cir. 1993), including enforcement activity. Balark v. Curtin, 655 F.2d 798, 803 (7th Cir. 1981).

Mr. Torbet's declaration and billing statement indicates that Mr. Torbet spent a total of 41 hours in both the main case and this adversary proceeding at an hourly rate of $375, for a total of $15,375.00. The Court finds that these fees are excessive.

The billing statement reflects that Mr. Torbet spent a total of 17 hours ($6,375) on services related to the summary judgment motion, not including time spent at the hearing. Mr. Torbet's brief in support of the summary judgment motion did not explicitly analyze issue preclusion. Although the brief states that the jury verdict establishes Mr. Wright's liability, it does not set forth

the law regarding issue preclusion or analyze the individual prongs of that doctrine, which are critical to an analysis of that issue.

Additionally, the time entries for 7/20/14, and 8/6/14, 1/16/15, 3/6/15, and 3/31/15 (a total 12.5 hours) are clumped, so that the Court cannot analyze how much time was spent on each activity.

Most importantly, the principal amount at issue in this case (other than attorney's fees) is $10,001. Mr. Torbet's fee request is more than 150% of this amount, which is excessive by any measure.

For all of these reasons, the Court reduces the fees awarded to Plaintiff's counsel by 50%, for a total compensation of $7,687.50.

Counsel for Plaintiff shall submit a proposed form of order granting summary judgment and awarding fees in the amount of $7,687.50, for the reasons stated in this Memorandum Decision and in the Tentative Decision issued March 31, 2015. Once that order has been entered by the Court, the Court will consider the proposed judgment submitted by Plaintiff's counsel on April 28, 2015.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Andrew Curtis Wright
P.O. Box 1651
Los Gatos, CA 95031